**In re Linda Victoria WILSON aka Linda V. Wilson aka Linda Wilson aka Linda Howard aka Linda Stepter, Debtor(s).**

**Bankruptcy No. 2–85–00356.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 26, 1985.

Robin S. Stith, Columbus, Ohio, for debtor.

Stephen A. Santangelo, Weltman, Weinberg & Associates, Columbus, Ohio, for creditor Avco.

---

Frank M. Pees, Worthington, Ohio, Trustee.

G.L. PETTIGREW, Bankruptcy Judge.

## ORDER DENYING CONFIRMATION

11 U.S.C. 1322(b)(2) provides that a Chapter 13 debtor may not modify the rights of a creditor that has a security interest in real property which is the debtor's principal residence. The Plan of Linda Wilson that provides for no payments on the oversecured claim of Avco in accordance with the contract during 60 months may not be confirmed under Chapter 13.

This matter is before the Court on the objection to confirmation of the debtor's Chapter 13 Plan by Avco Financial Services Loan, Inc. (Avco). For the reasons set out below, the Court sustains the objection.

## FINDINGS OF FACT

On August 5, 1982 Linda Wilson, the debtor, signed a promissory note with Avco to borrow $12,806.31 at an annual percentage rate of 22% and to be paid in 84 monthly installments of $300.00 each. A second mortgage on debtor's principal residence secured the note.

On February 7, 1985 the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Debtor filed an amended Plan on April 23, 1985 and proposes a graduated payment schedule as follows:

Year 1—$114.31 bi-weekly

Year 2—$158.76 bi-weekly

Year 3—$178.76 bi-weekly

Year 4—$183.76 bi-weekly

Year 5—$213.14 bi-weekly

Avco, an oversecured creditor, is to be paid inside the Plan at an interest rate of 14%. The fair market value of the property is approximately $31,000 according to an appraisal of April, 1985 and there is a first mortgage of approximately $15,501.80 on the residence.

Avco objects to the Plan because it reduces the payment terms and interest rate contained in the note. Avco argues this is a modification of their rights contrary to 11 U.S.C.. § 1322(b)(2) and cites this Court's decision in *In re Rorie*, 58 B.R. 162 (Bky. S.D.Ohio 1985) as authority for their position. Section 1322(b)(2) provides, in part, that:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) *modify* the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence,* ... (Emphasis added).

## CONCLUSIONS OF LAW

The holder of an oversecured claim is allowed "interest on such claim" pursuant to 11 U.S.C. § 506(b). In the *Rorie* case, *supra*, this Court held that reduction of the contract interest rate on a fully secured claim is an impermissible modification within the meaning of § 1322(b)(2). Debtor's argument distinguishes *Rorie* because it involved a first mortgage. The Court does not find this distinction determinative of the issue before it. A fully secured claim must be paid in full the secured value of the collateral pursuant to 11 U.S.C. § 1325(a)(5). The Code does not differentiate in § 506(b), § 1322(b), or § 1325(a)(5) among the priority of the lienholders, but rather addresses the status of the claim and the type of security interest held.

This decision does not contradict recent cases which have analyzed at length the scope and meaning of § 1322(b)(2), (3) and (5). *See In re Taddeo*, 685 F.2d 24 (2d Cir.1982); *Grubbs v. Houston First Amer. Sav. Ass'n*, 730 F.2d 236 (5th Cir.1984); *In re Glenn*, 760 F.2d 1428 (6th Cir.1985); *In re Clark*, 738 F.2d 869 (7th Cir.1984); *In re Seidel*, 752 F.2d 1382 (9th Cir.1985). The *Taddeo* court recognized that the debtor's right to cure a default by maintaining regular payments and paying the arrearage in a reasonable time does not extend to permit a reduction in payments or change in interest rate. 685 F.2d at 28. In this instance, the debtor is not proposing to decelerate and to reinstate the original contract, rather to unilaterally and significantly change contract terms for the life of the 60 month

**166**

plan. This clearly represents a modification which is impermissible under § 1322(b)(2) and which distinguishes this issue from the issues addressed in the above-cited cases. Additionally, the 6th Circuit did not distinguish treatment of junior mortgages in the *Glenn* case, *supra.* Therefore, the Court finds that second mortgages are not an exception under the clear language of the statute.

For the reasons stated above, the Court sustains the objection to confirmation. The debtor has 20 days from the date of this order within which to amend her plan so that it is capable of being confirmed or the case will be dismissed.

IT IS SO ORDERED.